UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CAREY, | 1: 05 CV 01301 LJO  WMW  HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS CLAIM ONE OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES YATES, | [Doc. 10] |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss claim one of the petition.

**PROCEDURAL HISTORY**

Following a jury trial, Petitioner was convicted of multiple acts of lewd and lascivious conduct with a child under the age of 14, with an enhancement for "more than one victim."  The trial court sentenced Petitioner for four concurrent terms of 15 years to life.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal").  The Court of Appeal affirmed the judgment on March 9, 2004.  Petitioner filed

a petition for review in the California Supreme Court, which denied the petition on May 12, 2004.

On October 22, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on August 31, 2005. Petitioner filed the present petition for writ of habeas corpus in this court on October 14, 2005.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will

1  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
2  involved an unreasonable application of, clearly established Federal law, as determined by the
3  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
4  determination of the facts in light of the evidence presented in the State Court proceeding." 28
5  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
6  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
7  S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court
8  concludes in its independent judgment that the relevant state-court decision applied clearly
9  established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,
10 that application must be objectively unreasonable." Id. (citations omitted).

11       While habeas corpus relief is an important instrument to assure that individuals are
12 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
13 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
14 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
15 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual
16 determinations must be presumed correct, and the federal court must accept all factual findings made
17 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
18 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
19 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
20 1388 (9th Cir. 1997).

21                                    **DISCUSSION**

22       In the present petition Petitioner raises the following three claims for relief: 1) the state court
23 incorrectly applied the law regarding the disclosure of evidence that the victim had four previous
24 reports of molestation on others and his trial counsel was ineffective for failing to interview a doctor
25 who conducted an examination of the victim; 2) the trial court failed to disclose discovery relating to
26 a medical examination of the victim and the prosecutor made unlawful comments during closing
27 argument; and 3) trial counsel was ineffective for failing to investigate and make a motion for
28 evidence as to allegations made by the victim in a previous molestation case.

Respondent now moves to dismiss Petitioner's first claim for relief on the ground that it is unexhausted. Respondent argues that Petitioner did not raise the allegation that the trial court incorrectly applied the law regarding the disclosure of evidence of the victim's four previous molestation reports and that trial counsel was ineffective for failing to interview the doctor who conducted the victim's medical examination in either his direct appeal or in his state habeas corpus petition filed in the California Supreme Court  Respondent concludes that Petitioner has therefore not presented claim one in this petition to the California Supreme Court, and it must therefore be dismissed as unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In this case, the only grounds for relief Petitioner presented to the California Supreme Court on direct appeal are the following: (1) the delayed discovery of an exculpatory medical examination of the victim denied him due process; and (2) the prosecutor's comments on his failure to testify and explain prior statements to the police denied him a fair trial.  Further, in his state habeas petition, the only claim that Petitioner presented to the California Supreme Court was that trial counsel was ineffective for failing to investigate and discover evidence of the victim's history of false reporting of sex crimes.  Claim one has never been presented to the California Supreme Court and therefore, is unexhausted

In response to Respondent's motion, Petitioner argues that the first claim made in his direct appeal "fairly put respondents on notice of claim (1)."  Whether it did is irrelevant.  The issue here is whether the claim has been exhausted by being presented to the California Supreme Court.  Clearly, it has not.  Accordingly, the claim must be dismissed as unexhausted.  The court must therefore recommend that Respondent's motion to dismiss be granted.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1)	Respondent's motion to dismiss be GRANTED;

2)	Petitioner's first claim be DISMISSED;

3)	Respondent be ordered to file a response to the merits of the remaining claims.


These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

1 | ten (10) court days (plus three days if served by mail) after service of the objections.  The court will
2 | then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
3 | advised that failure to file objections within the specified time may waive the right to appeal the
4 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 | IT IS SO ORDERED.
6 | **Dated:   January 11, 2008**                    /s/  **William M. Wunderlich**
                                                     UNITED STATES MAGISTRATE JUDGE